

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| UNITED STATES OF AMERICA | CRIMINAL NO. RDB-23-0421 |
|---|---|
| v. | (False Statement in Application for Passport, and Use of Passport Secured by False Statement, 18 U.S.C. § 1542; False Swearing in Immigration Matter, 18 U.S.C. § 1546; Aggravated Identity Theft, 18 U.S.C. § 1028A; Forfeiture, 18 U.S.C. §982(a)(6)(A)(ii)(I) & (II)) |
| JOHN DOE,<br>  a/k/a DOUGLAS ANTHONY CHUKWUKA EZE,<br>  a/k/a ANTHONY CHUX EZEHEZ,<br>  a/k/a "S. D. C." | |
| Defendant. | |

## INDICTMENT

### COUNT ONE
**(False Statement in Application of Passport)**

The Grand Jury for the District of Maryland charges that:

**Introduction**

At all times relevant to this Indictment:

1. Defendant **JOHN DOE a/k/a DOUGLAS ANTHONY CHUKWUKA EZE a/k/a ANTHONY CHUX EZEHEZ a/k/a "S.D.C."** ("**EZE**") was born outside of the United States and Canada prior to 1980.

2. **EZE** entered Canada on June 9, 1991, using a Malawian passport, under the name Anthony Chux Ezehez ("Ezehez"), and was admitted as a visitor until September 9, 1991.

3. **EZE**, using the name Ezehez, made a refugee claim in Canada on the basis of his fear of returning to Malawi. On March 30, 1993, the Canadian government determined **EZE** was not a refugee, in part because it was discovered that **EZE** was not from Malawi and in part because the Malawian passport **EZE** submitted at the time of entry was a forgery.

1

4.      On or about December 14, 1994, **EZE**, as Ezehez, was convicted of Possession of Property Obtained by Crime Under $1,000, to wit: a birth certificate and check, in violation of the Criminal Code of Canada, sec 355(b), in Edmonton, Alberta, Canada.

5.      On or about March 27, 1995, the Canadian government issued a deportation order for **EZE** as Ezehez. **EZE** failed to report to the Canadian immigration offices and effectively disappeared on February 15, 1996. All efforts to locate **EZE** were exhausted, and Canada Border Services Agency issued a warrant for removal.

6.      **EZE** entered the United States on or about May 10, 1997, without inspection.

7.      **EZE**, using the name "S.D.C.," married a United States citizen on July 11, 1997.

8.      On September 29, 1997 **EZE**, using the name and date of birth of "S.D.C." and a Canadian passport in the name of "S.D.C.," applied for lawful permanent residence status in the United States based upon his marriage. At the time of his application, **EZE** submitted a Canadian birth certificate in the name of "S.D.C." and claimed he was born to John and Andrea "C." of Canada.

9.      **EZE**, as "S.D.C.," obtained conditional lawful permanent residency status in the United States on September 15, 1998.

10.     **EZE**, as "S.D.C.," filed Form N-400 Application for Naturalization on April 18, 2002.

11.     On February 4, 2003, **EZE** was interviewed by the United States Citizenship and Immigration Services in Baltimore, Maryland, regarding the Form N-400 and its contents. **EZE** was naturalized in Baltimore, Maryland, on March 14, 2003.

12. On April 28, 2003, **EZE** filed a Petition for Change of Name in the Prince George County Circuit Court, in Upper Marlboro, Maryland. On June 3, 2003 **EZE**'s name was legally changed from "S.D.C." to **DOUGLAS ANTHONY CHUKWUKA EZE**.

13. On June 27, 2003, **EZE** was issued United States passport #016581030 under the name **EZE**. In the Application for a U.S. Passport, Form DS-11, **EZE** listed his place of birth to be Alberta, Canada. **EZE** listed his parents to be Godwin Eze and Cordelia Eze, and his date of birth to be February 22, 1970.

14. On July 29, 2008, **EZE** was issued United States passport #445155668 under the name **EZE**. In the application for a U.S. Passport, Form DS-11, **EZE** stated his place of birth to be Alberta, Canada and that his parents' names were James John "C." and Andrea Robertson. In the Statement Regarding a Valid Lost or Stolen U.S. Passport, Form DS-64, **EZE** stated that his previous passport, #016581030 was lost or stolen.

15. On September 16, 2016, a Final Judgement of Adoption was issued by the Circuit Court for Charles County, in La Plata, Maryland, establishing **EZE** as the parent of his two purported minor nieces "A.C.E." and "I.S.E."

16. On September 24, 2017, **EZE** signed the U.S. Passport Renewal Application, Form DS-82, stating he was born in Alberta, Canada and his date of birth was February 22, 1970. **EZE** listed his prior name as "S.D.C." **EZE** indicated that his most recent passport was passport #445155668. A new United States passport, #568791758, and United States passport card #C15539931, were issued on September 27, 2017 and will expire on September 27, 2027.

17. On May 13, 2019, **EZE** filed two Department of Homeland Security, United States Citizenship and Immigration Services, Form I-130, Petition for Alien Relative, on behalf of his two purported nieces: "A.C.E." and "I.S.E." **EZE** claimed he had previously used the name

3

"S.D.C." and that his date of birth was February 22, 1970, in Alberta, Canada. **EZE** submitted a Certificate of Naturalization in the name of "S.D.C." as part of the affidavits and petitions.

18. On March 15, 2021, **EZE** presented his passport card #C15539921 to the Motor Vehicle Administration in Annapolis, Maryland, to renew his driver's license.

19. On October 23, 2023, **EZE** presented his passport #568791758 to Customs and Border Patrol during an interview to renew his participation in Global Entry Trusted Traveler Network. **EZE** claimed he was born on February 22, 1970, in Alberta Canada, and that his parents' names were Cordelia Eze and Godwin Eze. **EZE** claimed his birth name was "S.D.C."

## The Charges

On or about September 24, 2017, within the District of Maryland, the defendant,

**JOHN DOE, a/k/a DOUGLAS ANTHONY CHUKWUKA EZE,
a/k/a ANTHONY CHUX EZEHEZ, a/k/a "S. D. C.",**

willfully and knowingly made false statements in an application for a passport with intent to include and secure for his own use the issuance of a passport under the authority of the United States, contrary to the laws regulating the issuance of such passports and the rules prescribed pursuant to such laws, in that in such application the defendant stated he was born on February 22, 1970, in Alberta, Canada, which statement he knew to be false.

18 U.S.C. § 1542

## COUNT TWO
### (False Swearing in Immigration Matter)

The Grand Jury for the District of Maryland further charges that:

1. Paragraphs 1 through 19 of Count One of this of the Indictment are specifically referenced and incorporated herein:

2. On or about May 13, 2019, in the District of Maryland, the defendant,

**JOHN DOE, a/k/a DOUGLAS ANTHONY CHUKWUKA EZE,
a/k/a ANTHONY CHUX EZEHEZ, a/k/a "S. D. C.",**

did knowingly subscribe as true under penalty of perjury, under 28 U.S.C. 1746, a false statement with respect to a material fact in a document required by the immigration laws and regulations prescribed thereunder, to wit: Department of Homeland Security, United States Citizenship and Immigration Services, Form I-130 (Petition for Alien Relative – beneficiary "A.C.E."), that is the defendant certified that he was born in on February 22, 1970, in Alberta, Canada, which statement the defendant then and there knew was false in that the defendant fraudulently used the personal identifying information of S.D.C.

18 U.S.C. § 1546

## COUNT THREE
### (False Swearing in Immigration Matter)

The Grand Jury for the District of Maryland further charges that:

1. Paragraphs 1 through 19 of Count One of this Indictment are specifically referenced and incorporated herein:

2. On or about May 13, 2019, in the District of Maryland, the defendant,

**JOHN DOE, a/k/a DOUGLAS ANTHONY CHUKWUKA EZE,
a/k/a ANTHONY CHUX EZEHEZ, a/k/a "S. D. C.",**

did knowingly subscribe as true under penalty of perjury, under 28 U.S.C. 1746, a false statement with respect to a material fact in a document required by the immigration laws and regulations prescribed thereunder, to wit: Department of Homeland Security, United States Citizenship and Immigration Services, Form I-130 (Petition for Alien Relative – beneficiary "I.S.E."), that is the defendant certified that he was born on February 22, 1970, in Alberta, Canada, which statement the defendant then and there knew was false in that the defendant fraudulently used the personal identifying information of S.D.C.

18 U.S.C. § 1546

## COUNT FOUR
## (Aggravated Identity Theft)

The Grand Jury for the District of Maryland further charges that:

1. Paragraphs 1 through 19 of Count One of this Indictment are specifically referenced and incorporated herein:

2. On or about May 13, 2019, in the District of Maryland, the defendant,

**JOHN DOE, a/k/a DOUGLAS ANTHONY CHUKWUKA EZE,
a/k/a ANTHONY CHUX EZEHEZ, a/k/a "S. D. C.",**

did knowingly use, without lawful authority, a means of identification of another person, to wit: the name, place of birth, and date of birth of S.D.C. during and in relation to a felony violation enumerated in 18 U.S.C. 1028A(c), that is, Use of Passport Secured by False Statement, in violation of 18 U.S.C. § 1542, as charged in Count Two of this indictment, knowing that the means of identification belonged to another actual person.

18 U.S.C. § 1028A

## COUNT FIVE
### (Aggravated Identity Theft)

The Grand Jury for the District of Maryland further charges that:

1. Paragraphs 1 through 19 of Count One of this Indictment are specifically referenced and incorporated herein:

2. On or about May 13, 2019, in the District of Maryland, the defendant,

**JOHN DOE, a/k/a DOUGLAS ANTHONY CHUKWUKA EZE,
a/k/a ANTHONY CHUX EZEHEZ, a/k/a "S. D. C.",**

did knowingly use, without lawful authority, a means of identification of another person, to wit: the name, place of birth, and date of birth of S.D.C. during and in relation to a felony violation enumerated in 18 U.S.C. 1028A(c), that is, Use of Passport Secured by False Statement, in violation of 18 U.S.C. § 1542, as charged in Count Three of this indictment, knowing that the means of identification belonged to another actual person.

18 U.S.C. § 1028A

## COUNTS SIX AND SEVEN
### (Use of Passport Secured by False Statement)

The Grand Jury for the District of Maryland further charges that:

1. Paragraphs 1 through 19 of Count One of this Indictment are specifically referenced and incorporated herein:

2. On or about the dates listed below, each being a separate count, in the District of Maryland, the defendant,

**JOHN DOE, a/k/a DOUGLAS ANTHONY CHUKWUKA EZE,
a/k/a ANTHONY CHUX EZEHEZ, a/k/a "S. D. C.",**

did willfully and knowing use a passport, issued under the authority of the United States, the issuance of which was secured by reason of a false statement made in the application therefore which falsely stated that the defendant was born on February 22, 1970 in Alberta, Canada, which said passport the defendant used as follows:

| COUNT | DATE | DESCRIPTION |
| --- | --- | --- |
| 6 | March 15, 2021 | the defendant presented passport card No. C15539931 to the Maryland Motor Vehicle Administration in Annapolis, Maryland, to renew his driver's license. |
| 7 | October 23, 2023 | the defendant presented passport No. 568791758 to Customs and Border Patrol at the Baltimore Washington International Airport in Hanover, Maryland, to renew for Global Entry Trusted Traveler Network participation. |

18 U.S.C. § 1542

9

## COUNT EIGHT
### (Aggravated Identity Theft)

The Grand Jury for the District of Maryland further charges that:

1. Paragraphs 1 through 19 of Count One of this Indictment are specifically referenced and incorporated herein:

2. On or about March 15, 2021, in the District of Maryland, the defendant,

**JOHN DOE, a/k/a DOUGLAS ANTHONY CHUKWUKA EZE,
a/k/a ANTHONY CHUX EZEHEZ, a/k/a "S. D. C.",**

did knowingly use, without lawful authority, a means of identification of another person, to wit: the place of birth and date of birth of S.D.C. during and in relation to a felony violation enumerated in 18 U.S.C. 1028A(c), that is, False Statement in Immigration Matter, in violation of 18 U.S.C. § 1546, as charged in Count Six of this indictment, knowing that the means of identification belonged to another actual person.

18 U.S.C. § 1028A

## COUNT NINE
### (Aggravated Identity Theft)

The Grand Jury for the District of Maryland further charges that:

1. Paragraphs 1 through 19 of Count One of this Indictment are specifically referenced and incorporated herein:

2. On or about October 23, 2023, in the District of Maryland, the defendant,

**JOHN DOE, a/k/a DOUGLAS ANTHONY CHUKWUKA EZE,
a/k/a ANTHONY CHUX EZEHEZ, a/k/a "S. D. C.",**

did knowingly use, without lawful authority, a means of identification of another person, to wit: the name, place of birth, and date of birth of S.D.C. during and in relation to a felony violation enumerated in 18 U.S.C. 1028A(c), that is, False Swearing in Immigration Matter, in violation of 18 U.S.C. § 1546, as charged in Count Seven of this indictment, knowing that the means of identification belonged to another actual person.

18 U.S.C. § 1028A

## FORFEITURE ALLEGATION

The Grand Jury for the District of Maryland further finds that:

1. Pursuant to Federal Rule of Criminal Procedure 32.2, notice is hereby given to the defendant that the United States will seek forfeiture as part of any sentence in accordance with 18 U.S.C. § **982(a)(6)(A)(ii)(I) & (II),** 21 U.S.C. § 853(p), and 28 U.S.C. § 2461(c), in the event of the defendant's convictions on any of the offense charged in Counts One through Seven of this Indictment.

2. Pursuant to 18 U.S.C. § **982(a)(6)(A)(ii)(I) & (II)** upon conviction of any of the offenses set forth in Counts One through Three and Six through Seven of this Indictment, the defendant,

**JOHN DOE, a/k/a DOUGLAS ANTHONY CHUKWUKA EZE,
a/k/a ANTHONY CHUX EZEHEZ, a/k/a "S. D. C.",**

shall forfeit to the United States,

 a. any conveyance, including any vessel, vehicle, or aircraft used in the commission of the offense; and

 b. any property real or personal that constitutes, or is derived from or traceable to the proceeds obtained directly or indirectly from the commission of the offense, or that is used to facilitate, or is intended to be used to facilitate, the commission of the offense.

### Substitute Assets

3. If any of the property described above, as a result of any act or omission of the defendant:

 a. cannot be located upon the exercise of due diligence;

 b. has been transferred or sold to, or deposited with, a third party;

 c. has been placed beyond the jurisdiction of the Court;

      d.      has been substantially diminished in value; or

      e.      has been commingled with other property that cannot be subdivided without difficulty;

the United States shall be entitled to forfeiture of substitute property pursuant to 21 U.S.C. § 853(p), as incorporated by 28 U.S.C. § 2461(c).

**18 U.S.C. § 982(a)(6)(A)(ii)(I) & (II)** 21 U.S.C. § 853(p)
28 U.S.C. § 2461(c)

_____
Erek L. Barron
United States Attorney

A TRUE BILL:

**SIGNATURE REDACTED**

~~FOREPERSON~~

_11/21/23_
Date